UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x
                                               :
CUMMINS, INC.,                                 :
                                               :
                          PLAINTIFF,           :     10 Civ. 9252
                                               :
              v.                               :     **OPINION**
                                               :
NEW YORK LIFE INSURANCE, et al.,               :
                                               :
                          DEFENDANT            :
                                               :
-----------------------------------------------x

      This action arises out of the massive Ponzi scheme perpetrated by Bernard Madoff and Bernard L. Madoff Investment Securities.  Plaintiff Cummins, Inc. is the administrator of a trust that invested $122 million in a variable universal life insurance policy which it purchased from defendant New York Life.  Cummins brings state law claims stemming from alleged misrepresentations concerning this investment.  After the court approved a briefing schedule in this case, including a deadline for amending the pleadings, Cummins filed an amended complaint and defendants moved to dismiss that amended complaint.  Cummins now seeks leave to file a second amended complaint in lieu of relying on its presently filed amended complaint.

      The motion for leave to amend is granted and the motions to dismiss are denied without prejudice to renewing such motions as to the new second amended complaint.

**BACKGROUND**

Between September 2007 and November 2008, plaintiff Cummins purchased a variable universal life insurance ("VUL") policy from defendant New York Life and paid approximately $122 million in premiums. Pursuant to the terms of that VUL policy, which enjoys favorable tax treatment under the Internal Revenue Code so long as certain requirements are met, Cummins was able to allocate some of its premiums to make tax free investments, including investments in a hedge fund known as the Tremont Opportunity Fund, a hedge fund managed by the Tremont defendants. 22% of the Tremont Opportunity Fund was placed by Tremont in certain other hedge funds managed by Tremont, known as the "Rye Funds," and the Rye Funds entrusted that money to Madoff. When Madoff's Ponzi scheme was revealed, substantially all of this money, accounting for approximately 22% of Cummins' $122 million investment, was lost.

This case was originally filed in December 2010. It was one of numerous cases against Tremont and its affiliates that were filed in, or transferred to, this court, and the cases were consolidated. See In re Tremont State Law, Securities Law and Insurance Litigation, No. 08 Civ. 11117 (S.D.N.Y.). After a lengthy period of settlement negotiations in the consolidated litigation, the parties notified the court that they had reached a partial settlement. In August 2011, after holding two contested fairness hearings, the court approved the partial settlement. Cummins did not participate in the settlement class.

In October 2011, the court held a conference concerning the status of the remaining cases. After that conference, counsel for Tremont sent the court a letter dated October 25, 2011, with a proposed schedule. The schedule provided that amended complaints, if any, would be filed by December 19, 2011, and responses to those complaints would be filed by January 31, 2012. On November 14, 2011, the court endorsed the briefing schedule.

On December 19, 2011, Cummins filed the operative amended complaint. In its amended complaint, Cummins alleges that defendants made various misrepresentations and breached duties owed to it during this transaction. Without going into great detail, these misrepresentations generally concerned the nature of the due diligence and risk management that would be undertaken by defendants with respect to the Tremont Opportunity Fund and its underlying investments, and the suitability of investments in the Tremont Opportunity Fund for policyholders like Cummins. The complaint alleges claims of negligent misrepresentation, fraud, unjust enrichment, breach of fiduciary duty, aiding and abetting fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of New York's General Business Law § 349.

Defendants moved to dismiss the complaint on January 30 and January 31, 2012. While the motions to dismiss were pending, Cummins filed a motion for leave to amend its complaint on April 13, 2012. Cummins has not filed opposition papers related to the motions to dismiss.

The proposed second amended complaint is similar to the first amended

complaint that has already been filed. Many factual allegations are the same. There are no new parties. Both complaints include claims of negligent misrepresentation, unjust enrichment, breach of fiduciary duty, aiding and abetting, breach of the implied covenant of good faith and fair dealing, and violations of New York's General Business Law § 349.

The primary factual difference between the two complaints is that, while the amended complaint contained only a passing reference to the Participation Agreement between Tremont and New York Life as part of a quotation from New York Life's Private Placement Memorandum (see ¶ 47 of the amended complaint), the proposed second amended complaint contains more detailed allegations about its content. The proposed second amended complaint also asserts that, through to the Participation Agreement, New York Life and Tremont "acted in concert" to defraud Cummins. Cummins' counsel has set forth evidence indicating that Cummins was not aware of the Participation Agreement until March 2012 and did not obtain a copy until then.

In reliance on the Participation Agreement, the proposed second amended complaint includes a new claim for "civil conspiracy," alleging that Tremont and New York Life "joined forces for the express purpose of marketing and selling VUL Policies and the Tremont Fund" to Cummins, "by intentionally making numerous false and misleading representations and material omissions" to Cummins. The proposed second amended complaint also drops Cummins' claim for breach of contract. It also modifies the fraud claim, changing it to a claim for fraud in the inducement. It also adds more detail to

allegations that were already in the amended complaint, such as the content of the alleged misrepresentations made by New York Life and Tremont.  With regard to Oppenheimer and MassMutual, Tremont's parent companies, there are additional allegations that they participated in the preparation of Tremont's offering materials, that they knew of the misrepresentations and omissions therein, and that they knew such statements would be used to induce the investments of investors like Cummins, allegations which apparently are designed to further the civil conspiracy and aiding and abetting claims.

## DISCUSSION

When a court is faced with motions to dismiss one complaint and a motion for leave to file an amended complaint, the court may focus first on the motion for leave to amend because granting the motion for leave to amend moots the pending motions to dismiss.  See Effie Film LLC v. Murphy, No. 11 Civ. 783 (TPG), 2012 WL 716556, at *2-3 (S.D.N.Y. Mar. 6, 2012); see also Safespan Platform Sys. v. EZ Access, Inc., No. 06 Civ. 726A, 2010 U.S. Dist. LEXIS 126617, at *12 (W.D.N.Y. Sept. 2, 2010).

Rule 15(a) provides that leave to amend should be given "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(1)(B).  Pursuant to Rule 15(a), the court should grant leave to amend the complaint unless the defendant demonstrates that it will suffer prejudice or that the amendment is sought in bad faith.  City of New York v. Group Health, Inc., 649 F.3d 151, 157 (2d Cir.2011).  However, where the court has already entered a scheduling order in

the case, a party requesting leave to amend must satisfy the "good cause" standard set forth in Rule 16(b). See In re Wireless Tel. Servs. Antitrust Litig., No. 02 Civ. 2637 (DLC), 2004 WL 2244502, at *5 (S.D.N.Y. Oct. 6, 2004). See also Fed. R. Civ. P. 16(b) (providing that "scheduling orders may be modified only for good cause and with the judge's consent."). The focus of the good cause inquiry is on the diligence of the party seeking to amend, and the court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-340 (2d Cir. 2000). The court may also consider "the reasons for delay, the interests of justice to be served by the amendment, considerations of judicial efficiency, and any prejudice to the opposing side." Hnot v. Willis Group Holding, Ltd., No. 01 Civ. 6558 (GEL), 2004 U.S. Dist. LEXIS 15734, at *2-3 (S.D.N.Y. Aug. 10, 2004). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." See Parker, 204 F.3d at 340 (internal quotation marks omitted).

In Parker, the Second Circuit affirmed the District Court's denial of a motion for leave to amend his complaint to add a new breach of contract claim. 204 F.3d at 340-41. In that case, the plaintiff moved for leave to amend after receiving the defendants' motion for summary judgment. Id. at 340. The court determined that good cause had not been shown because the plaintiff was in possession of all the facts needed to plead this claim prior to commencing the

suit, having received a copy of the relevant contract when he began working for the defendant company.  Id. at 340-41.  However, instead of alleging this breach of contract claim in the original complaint, the plaintiff had unreasonably waited to move to add the claim until after he was faced with a motion for summary judgment.  Id.; see also In re Wireless Tel. Servs. Antitrust Litig., 2004 WL 2244502, at * 5-6 (denying motion for leave to amend that would "transform" the claims in the lawsuit when it was brought "virtually at the close of discovery.").

     Here, the court issued a partial scheduling order on November 14, 2011.  The order did not determine when discovery would begin or end, or when trial would occur, but it did provide a deadline for plaintiffs to amend their complaints and for defendants to answer or move to dismiss any amended complaints.  The court received a number of amendments and motions to dismiss, including Cummins' amended complaint, filed December 19, 2011, and motions to dismiss that complaint.  Because the court's order set a deadline for amending the pleadings, the court agrees with defendants that the motion for leave to amend should be reviewed under the Rule 16(b) "good cause" standard, which applies after a scheduling order has been entered.

     However, Cummins has shown good cause for its amendment.  The primary factual difference between the proposed second amended complaint and the amended complaint is that the second amended complaint makes use of the Participation Agreement to allege that New York Life and Tremont were acting in concert to defraud Cummins.  Counsel for Cummins has submitted a

declaration indicating that Cummins only learned of this agreement after the filing of this lawsuit, while the motion to dismiss was pending, and the court has no reason to doubt the veracity of this statement.  <u>Parker</u> and <u>In re Telephone Wireless Services Antitrust Litigation</u>, discussed above, are distinguishable because Cummins' delay here was minor, Cummins was not aware of the Participation Agreement, and Cummins promptly brought the new facts and legal theories to the court's attention.

Moreover, defendants have not shown they would be materially prejudiced due to the delay.  Unlike <u>Parker</u> and <u>In re Telephone Wireless Services Antitrust Litigation</u>, discovery has not commenced and the case is still in the preliminary stages.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a second amended complaint is granted. The motions to dismiss the current amended complaint are denied without prejudice to the right to move against the new complaint.

This opinion resolves the motions listed as numbers 13, 19, 22, 25, and 32 on the docket of case 10 Civ. 9252, numbers 646, 649, 653, 659, 685, and 747 on the docket of case 08 Civ. 11117, and numbers 159 and 172 on the docket of case 09 Civ. 557.

All future filings related to this case should be filed only on the docket of 10 Civ. 9252.

So ordered.

Dated: New York, New York
September 6, 2012

                                                Thomas P. Griesa
                                                U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept 6, 2012